a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DALE STEWART, Plaintiff | CIVIL DOCKET NO. 1:20-CV-511-P |
| VERSUS | JUDGE DRELL |
| F.B.O.P., *ET AL.*, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by *pro se* Plaintiff Dale Stewart ("Stewart") (#48457-054). Stewart is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Administrative United States Penitentiary – Thomson in Thomson, Illinois. He seeks monetary compensation for lost personal property at the United States Penitentiary in Pollock, Louisiana ("USP-P").

Because the Court lacks jurisdiction for lost property under the Federal Torts Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.*, ("FTCA"), Stewart's Complaint (ECF No. 1) should be DISMISSED.

### I. Background

Stewart alleges that he purchased a "white G-Shock watch" while incarcerated at the United States Penitentiary - McCreary. ECF No. 1 at 3. Stewart was subsequently involved in a fight at USP-P and was placed in the Special Housing Unit ("SHU"). Stewart's watch, clothes, and shoes were taken, to be returned upon his release from the SHU. ECF No. 1 at 3. However, when Stewart was released, his watch was not returned. *Id.*

Stewart filed an administrative tort claim for $67.60, which he allegedly paid for the watch. ECF No. 1-2 at 2. The Bureau of Prisons offered Stewart compensation of $33.80 for the depreciated value of the watch. ECF No. 1-2 at 3. Stewart rejected the offer and filed suit seeking compensation of $594.90 for the cost of the watch plus "mental anguish," or the replacement of his watch.

II. Law and Analysis

A. Stewart's Complaint (ECF No. 1) is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Stewart is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 4. As a prisoner seeking redress from an officer or employee of a governmental entity, Stewart's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, Stewart's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Stewart fails to state a claim for which relief can be granted.

Stewart claims that Defendants lost his watch while he was housed in the SHU. Random and unauthorized deprivations of property, whether intentional or negligent, do not violate the Constitution or state a claim under 42 U.S.C. § 1983 when an adequate post-deprivation remedy is available.[1]

A federal prisoner has at least two adequate post-deprivation statutory avenues to pursue compensation for his lost or destroyed property. *Haylock v. Thompson*, 1:18-CV-0151, 2019 WL 1316040, at *1–2 (N.D. Tex. Mar. 22, 2019) (citing *Aron v. Green*, No. 4:14-CV-109, 2014 WL 1917543, at *4 (N.D. Tex. May 12, 2014)). First, under 31 U.S.C. § 3723, a prisoner can present small claims to the BOP for any loss caused by the negligent acts of a federal employee. Second, § 3724 allows the Attorney General to settle claims for losses caused by law enforcement personnel. These remedies are adequate. *See Haylock*, 2019 WL 1316040, at *2; *Marulanda v. U.S. Marshals Service*, 467 F. App'x 590, 2012 WL 210559 (9th Cir. 2012) (holding that Congress has provided an adequate post-deprivation remedy for the

---

[1] *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Even though *Hudson* and *Parratt v. Taylor*, 451 U.S. 527 (1981) (overruled in part on grounds not relevant here), apply on their face to state prison officials, the Fifth Circuit has extended their holdings to federal prisoners. *Sun v. United States*, 49 F.3d 728, 1995 WL 103351 (5th Cir. 1995) (*per curiam*); *see also Salter v. Nickerson*, No. 5:12-CV-22, 2013 WL 866198, at *9 (E.D. Tex. Jan. 25, 2013), *report and recommendation adopted* 2013 WL 866475 (E.D. Tex. Mar. 7, 2013); *Aguiar v. Stancil*, No. 1:18-CV-235, 2018 WL 4139494, at *4 (W.D. La. July 6, 2018), *report and recommendation adopted*, 2018 WL 4138963 (W.D. La. Aug. 29, 2018).

unauthorized acts of a federal employee, under § 3724(a)); *Salter v. Nickerson*, 5:12-CV-22, 2013 WL 866198, at *10 (E.D. Tex. Jan. 25, 2013), *report and recommendation adopted*, 2013 WL 866475 (E.D. Tex. Mar. 7, 2013); *Bonneau v. Maxwell*, 3:12-CV-130, 2012 WL 3644140 (D.Ore., August 23, 2012) (31 U.S.C. § 3724 foreclosed *Bivens* claim for destruction of property by government officials); *Taylor v. U.S.*, 2011 WL 4971579 at *3 (N.D. Miss. Oct. 19, 2011).

Additionally, the BOP's inmate grievance procedure under 28 C.F.R. 542 provides another adequate post-deprivation remedy. *Wall v. Black*, 2009 WL 3215344 at *12 (S.D. Miss. 2009); *Williams v. Morris*, 1:05-CV-493, 2008 WL 112106, at *2 (E.D. Tex. Jan. 9, 2008); *Cyrus v. United States*, 2007 WL 81062 at *11 (M.D. Pa. Jan.8, 2007) ("[T]he [Bureau of Prison] administrative remedies provide federal inmates with an adequate post-deprivation process for the return of their lost property, whether it was deliberately thrown away or negligently lost.").

Stewart does not contest the availability of a BOP grievance procedure or other administrative remedies to address his lost property claim. In fact, he availed himself of some of these remedies by filing a tort claim. ECF No. 1. The fact that such remedies did not provide the result Stewart wanted does not render them inadequate. Stewart fails to state a constitutional claim for the deprivation or loss of his property.

To the extent Stewart attempts to state a claim under the FTCA, this Court lacks jurisdiction. The United States has sovereign immunity from suit except when it waives this immunity by consent. *See United States v. Sherwood*, 312 U.S. 584,

586 (1941). The FTCA provides consent for suit against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1).

However, the government retains sovereign immunity against lost-property claims under the FTCA, except for property seized pursuant to federal forfeiture law, which is not the case here. 28 U.S.C. § 2680(c); *see also Ali v. Federal Bureau of Prisons*, 522 U.S. 214 (2008) (holding that BOP officers are "law enforcement officers" for purposes of the retention of sovereign immunity under § 2680(c)); *Mendoza v. United States*, 2:12-CV-2956, 2014 WL 2515648, at *6 (W.D. La. June 4, 2014). Stewart did not suffer any personal injury, and the FTCA prohibits an inmate from filing suit against the United States for mental or emotional injury absent a prior showing of physical injury. 28 U.S.C. § 1346(b)(2). Stewart's lost property claim under the FTCA is barred by sovereign immunity.

Finally, to the extent Stewart seeks judicial review of the BOP's decision to offer $33.80 under § 3723, his claim fails. There is no judicial review of such decisions. *See Mendoza*, 2014 WL 2515648, at *6; *Powers v. Mosley*, 2:18-CV-02227, 2019 WL 2619908, at *9 (D.S.C. Apr. 2, 2019), *report and recommendation adopted sub nom. Powers v. United States*, 2019 WL 2223385 (D.S.C. May 23, 2019); *Mendez v. Peterson*, 16-CV-2644, 2018 WL 3104242, at *4 (D. Minn. Jan. 23, 2018), *report and recommendation adopted*, 2018 WL 2193108 (D. Minn. May 14, 2018), *aff'd sub nom. Mendez v. Dole*, 751 F. App'x 962 (8th Cir. 2019).

III. Conclusion

Because Stewart fails to state a claim for which relief can be granted and cannot recover for his lost property under the FTCA, IT IS RECOMMENDED that Stewart's Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE, IN PART, under §§ 1915(e)(2) and 1915A AND DISMISSED, IN PART, FOR LACK OF JURISIDICTION.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 15th day of May 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE